IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV23-03-MU

RIGOBERTO JOHN TEASLEY,       )
                              )
        Plaintiff,            )
                              )
        v.                    )        **O R D E R**
                              )
EDGAR BARNETTE and ROBERT     )
WORLEY                        )
        Defendants.           )
_____)

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment (Document No. 9), Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 18, 2005 (Document No. 1. ), and Plaintiff's affidavits, which this Court construes as Plaintiff's opposition to Defendants' Motion for Summary Judgment (Documents No. 15 and 16.)

## I. FACTS

Plaintiff alleges that on September 20, 2004 he returned from court to the Alexander Correctional Institution and Defendant Worley, a correctional officer, placed him in full restraints in a holding cell until he could be escorted back to his regular cell. (Complaint.) Plaintiff alleges that the handcuffs were too tight and that he asked officer Worley to loosen them and Officer Worley replied. "I can stick my finger through it," to which Plaintiff replied, "Not your whole finger." (See Teasley Statement, attached to Worley aff'd, Doc. 11.) Plaintiff further alleges that he called out to Sargent Barnette and Lieutenant Dye and they both ignored him so he kicked the cell door. (Complaint.) Next, Plaintiff contends that Defendants Barnette and Worley pulled him out of the cell and dragged him, all the while he was repeatedly telling them he could walk. Plaintiff then fell

1

to the ground and said, "fuck it, and drag me then." Defendants essentially do not dispute Plaintiff's facts however, state that Plaintiff would not cooperate with them by walking from the holding cell to his regular cell so they dragged him. Defendants contend that Plaintiff was jerking his arms, dragging his feet and cursing at them as they tried to move him. (Worley and Barnette Affidavits, Documents 11 and 12.) Plaintiff admits that while they were trying to move him, he deliberately fell to the floor. According to Plaintiff, Lieutenant Maddox told the Defendants to pepper spray him. (Complaint.) Defendant Barnette then asked Plaintiff to get up before they had to pepper spray him. Plaintiff alleges that while he was trying to get up, Defendants pepper sprayed him. (Complaint.) There is no dispute that Plaintiff was sprayed with pepper spray while on the floor. Although Plaintiff states he was sprayed while in the process of getting up, Defendants state that Plaintiff was sprayed only after he refused orders to get up and continued to curse them. (Barnette Affidavit, Document 12.) Plaintiff was then taken back to segregation and permitted to shower. (Plaintiff's Affidavit, Document No 17.)

Plaintiff denied any pain or discomfort when he was examined by a nurse after the incident. The nurse observed no abnormalities other than small red spots on his cheek and head. Several hours later, when Plaintiff complained of back pain, the nurse noted that Plaintiff had a full range of back motion. (Miller Affidavit, Document No. 13.)

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard, by its very terms,

2

provides that the mere existence of some alleged factual dispute between the parties will not defeat a properly supported summary judgment motion; rather the rule requires that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Moreover, the moving party has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes will demonstrate the absence of any genuine issue of material fact." Celotex Corp. v. Cateret, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P.56(c).

### III. ANALYSIS

**A. Plaintiff has Failed to State a Claim**

When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)   The test of an Eighth Amendment claim for cruel and unusual punishment has two elements: objectively, whether the deprivation of a basic human need was sufficiently serious, and, subjectively, whether the defendant had a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294 (1991). The objective element of an excessive force claim requires more than de minimus use of force unless the force is "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). "Not every push or shove, even if it later

3

may seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights." Id. (Quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). De minimus injury is evidence of de minimus force, and de minimus injury defeats a prisoner's excessive force claim unless the force used was "repugnant to the conscience of mankind." Norman v. Taylor, 25 F.3d 1259, 1262-1263 (4th Cir. 1994)

In this case, Plaintiff's allegation that his handcuffs were too tight does not state an Eighth Amendment claim for excessive force. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) ("[H]andcuffing too tightly, without more, does not amount to excessive force."). Moreover, the evidence indicates that Plaintiff complained that the cuffs were too tight and Defendant Worley checked them and said he could put his finger in it. Plaintiff response, "[n]ot your whole finger," indicates that Defendant did check his cuffs and that he could, at least partially stick his finger though the cuffs. Moreover, Plaintiff sustained no injury from the cuffs being too tight. Therefore, Plaintiff has failed to state of claim of excessive force with respect to the handcuffs.

Plaintiff's claim that Defendants Worley and Barnette used excessive force while moving him from the holding cell to his regular cell and the use of pepper spray while doing so also does not state a claim for relief. The evidence indicates that after Plaintiff created a disturbance in the holding cell by kicking the door, Defendants tried to physically move him out of the holding area. Plaintiff was cursing at the Defendants and he admitted that he deliberately fell to the floor while Defendants were moving him. Additionally, Plaintiff denied any pain or discomfort when he was examined by a nurse after the incident. The nurse observed no abnormalities other than small red spots on his cheek and head. Several hours later, when Plaintiff complained of back pain, the nurse noted that Plaintiff had a full range of back motion. (Miller Affidavit, Document No. 13.) Whether Plaintiff

4

was initially dragged from his cell, as he claims, or not and whether Plaintiff was pepper sprayed while trying to get up or only after he refused to get up, does not change the result here because the evidence indicates that Plaintiff did initially cause the disturbance which caused the officers to physically move him and Plaintiff deliberately fell to the floor and was verbally abusive to Defendants which lead to the Defendants use of pepper spray on the Plaintiff. This Court finds that Defendants' actions were done in an good faith effort to maintain and restore discipline. <u>Whitley v. Albers</u>, 475 U.S. at 320-21. Moreover, an Eighth Amendment claim requires something more than a de minimis injury. Plaintiff alleges no injury from the alleged excessive force. Therefore, Plaintiff's complaint is dismissed and Defendant's Motion for Summary judgment is GRANTED.

## IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief and Defendants' Motion for Summary Judgement is GRANTED.

**Signed: July 25, 2005**

Graham C. Mullen
Chief United States District Judge